E-FILED
Thursday, 23 June, 2022 04:55:53 PM
Clerk, U.S. District Court, ILCD

EFILED
5/6/2022 10:36 AM
Melissa Quick
Clerk of the Circuit Court
Vermilion County, Illinois
MF, Deputy Clerk

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
# VERMILION COUNTY, ILLINOIS

| | |
|---|---|
| MISTI SMITLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2022LA000023 |
| | ) |
| VILLAGE OF OAKWOOD, | ) |
| a Municipal Corporation in Vermilion | ) |
| County, Illinois; DOIT ROBERTS; | ) |
| FERRELL STROUGH; | ) |
| ROBERT WRIGHT; | ) |
| LINDSAY LIGHT; CATHI FRITZ; | ) |
| ROBERT PARR; | ) |
| CHIEF OF POLICE RONALD | ) |
| SODERSTROM; VILLAGE CLERK | ) |
| JULIE LEVERENZ; and | ) |
| MAYOR HEATHER MCARTY, | ) |
| | ) JURY TRIAL |
| Defendant(s). | ) DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Misti Smitley, by and through her attorney of record, Ronald S. Langacker of Langacker Law, and for her Complaint against Defendants, the Village of Oakwood, a municipal corporation in Vermilion County, Illinois; Doit Roberts; Ferrell Stroh; Robert Wright; Lindsay Light; Cathy Fritz; Robert Parr; Ronald Soderstrom; Julie Leverenz, and Mayor Heather McArty, in both their personal and official capacities, hereby states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to the Illinois Human Rights Act, 775 ILCS 5/2-102 and 735 ILCS 5/2-209 of the Illinois Code of Civil Procedure.

2. Venue is proper pursuant to 735 ILCS § 5/2-101 because all operative acts underlying this Complaint occurred in Vermilion County, Illinois.

1

**ADMINISTRATIVE PREREQUISITES**

3. On February 7, 2022, Plaintiff filed a timely and perfected Charge of Discrimination against the Village of Oakwood with the Illinois Department of Human Rights ("IDHR") (Exhibit A).

4. Plaintiff filed an "Opt Out Request Form" and received a "Notice of Opt-Out" from IDHR on February 28, 2022, administratively closing the investigation and allowing Plaintiff the right to commence an action in Circuit Court (Exhibit B). All administrative prerequisites to filing suit have been met and this case is timely.

**PARTIES**

5. Plaintiff, Misti Smitley ("Plaintiff" or "Smitley"), is a protected party under the Illinois Human Rights Act in that: a) she is a person with a disability within the meaning of Section 1-103(I) of the Act; and b) her sex is female.

6. Defendant Village of Oakwood ("Village") is a municipal corporation organized and existing under the laws of the State of Illinois. The Village is located in within the judicial district in Vermilion County, Illinois.

7. At all times relevant herein, the Trustees of the Village of Oakwood consist of six (6) members who are elected in accordance with the Illinois Election Code.

8. Defendant Doit Roberts is an adult resident of the State of Illinois. At all times material to this action, Mr. Roberts served as a Trustee of the Village of Oakwood, Illinois. He is named in this proceeding both in his individual and, for the purpose implementing equitable relief, as well as in his official capacity.

9. Defendant Ferrell Stroh is an adult resident of the State of Illinois. At all times material to this action, Mr. Stroh served as a Trustee of the Village of Oakwood, Illinois. He is named in this proceeding both in his individual and, for the purpose implementing equitable relief, as well as in his official capacity.

2

10. Defendant Robert Wright is an adult resident of the State of Illinois. At all times material to this action, Mr. Wright served as a Trustee of the Village of Oakwood, Illinois. He is named in this proceeding both in his individual and, for the purpose implementing equitable relief, as well as in his official capacity.

11. Defendant Lindsay Light is an adult resident of the State of Illinois. At all times material to this action, Ms. Light served as a Trustee for the Village of Oakwood, Illinois. She is named in this proceeding both in her individual and, for the purpose implementing equitable relief, as well as in her official capacity.

12. Defendant Cathi Fritz is an adult resident of the State of Illinois. At all times material to this action, Ms. Fritz served as a Trustee for the Village of Oakwood, Illinois. She is named in this proceeding both in her individual and, for the purpose implementing equitable relief, as well as in her official capacity.

13. Defendant Robert Parr is an adult resident of the State of Illinois. At all times material to this action, Mr. Parr served as a Trustee for the Village of Oakwood, Illinois. He is named in this proceeding both in his individual and, for the purpose implementing equitable relief, as well as in his official capacity.

14. Defendant Ronald Soderstrom was, at all times relevant herein, the Chief of Police with the Village of Oakwood. Mr. Soderstrom is named in this proceeding both in his individual and, for the purpose implementing equitable relief, his official Capacity.

15. Defendant Julie Leverenz was, at all times relevant herein, the Village Clerk for the Village of Oakwood. Ms. Leverenz is named in this proceeding both in her individual and, for the purpose implementing equitable relief, her official Capacity.

16. Defendant Heather McCarty was, at all times relevant herein, the Mayor of the Village of Oakwood. Ms. McCarty is named in this proceeding both in her individual and, for the purpose implementing equitable relief, her official Capacity.

## FACTS COMMON TO ALL COUNTS

17. During all times stated herein, Plaintiff has been diagnosed with a condition known as Sarcoidosis. Sarcoidosis is an autoimmune condition that can be managed with regular medical care. As a result, Plaintiff is an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

18. Plaintiff was originally hired by the Oakwood Police Department in the fall of 2019, and worked for the Department on a part-time basis through the summer of 2021.

19. In May of 2021, the Department's Chief of Police, Ron Soderstrom ("Soderstrom" or "Chief"), contacted Plaintiff's husband to express interest in hiring Plaintiff as the replacement for Oakwood's current School Resource Officer ("SRO").

20. On May 28, 2021, Plaintiff met with Village Mayor, Heather McArty ("McArty" or "Mayor"), and Soderstrom in the Mayor's office to discuss the employment benefits and pay of the SRO position.

21. On May 28, 2021, the parties negotiated a salary and benefits commensurate with Plaintiff's law enforcement experience. Plaintiff emphasized that immediate enrollment in the Village's health insurance was a priority in order to prevent a lapse in coverage which would negatively affect her ability to treat her Sarcoidosis. Plaintiff explicitly informed the Mayor and Soderstrom that she had been diagnosed with Sarcoidosis and it might become necessary for her to take time off work in order to obtain treatment. The Chief and Mayor voiced their acknowledgement and understanding of these concerns and informed Plaintiff that it would not be an issue for her to utilize leave.

4

22. During the May 28, 2021 meeting, Plaintiff inquired whether utilizing leave would affect her probation period. Soderstrom stated that Plaintiff was not subject to the probation period since she had been working part-time with the Department for the past two years.

23. Soderstrom offered Plaintiff a pay rate of $20.50 as a Sergeant with the understanding that Department-wide raises were going into effect in the near future and that Plaintiff's pay rate would soon thereafter increase to $21.00 an hour.

24. During the Village of Oakwood's Board Meeting on June 14, 2021, the Mayor advised the Board that Plaintiff had been hired on as a Full-Time Sergeant/School Resource Officer.

25. Plaintiff was to complete SRO training and work as a full-time officer for the Department prior to the start of the 2021-2022 school year.

26. After Plaintiff was hired, and up until her termination on December 13, 2021, the Village, by and through the Police Department, failed, among other things, to provide Plaintiff with the following:

    a) Failed to promote Plaintiff from Sergeant to Deputy Chief she was promised when she was hired;

    b) Failed to provide Plaintiff with the raise she was promised when she was hired;

    c) Failed to promptly enroll Plaintiff into the Department's health insurance plan resulting in a lapse in health insurance coverage and care; and

    d) Returned Plaintiff to probationary status though when she was hired she was promised that she would receive full-time benefits with the Police Department.

27. Plaintiff repeatedly addressed each specific issue listed above with Soderstrom and McArty during her employment. The Village refused to resolve any of the issues.

5

28. On November 8, 2021, Plaintiff was admitted to the Cleveland Clinic due to a flare up in symptoms from her Sarcoidosis. Plaintiff took medical leave from work from November 8, 2021, through November 18, 2021.

29. On November 19, 2021, Plaintiff's physician provided her with a medical release to return to work without restrictions. Plaintiff returned to work that day and placed the medical leave form in Chief Soderstrom's inbox at the Department.

30. When Plaintiff returned to work on November 19, 2021, she found a note in her inbox from Soderstrom dated November 18, 2021, stating that the Department would be utilizing Plaintiff's last remaining PTO hours for the next day (November 19) and that Plaintiff would be off work without pay starting November 22, 2021.

31. Plaintiff attempted to discuss the issue with the Mayor, Heather McArty; however, McArty refused to accept Plaintiff's medical release.

32. On December 13, 2021, Plaintiff was terminated from her employment with the Oakwood Police Department.

**COUNT I**
**Disability Discrimination in Violation of the IHRA**
**(All Defendants)**

33. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

34. Plaintiff is an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

35. Defendants were aware of Plaintiff's disability from her date of hire.

36. At all times herein, Plaintiff met and exceeded the expectations of the Village of Oakwood.

37. As described above, Defendants have discriminated against Plaintiff by treating her differently from, and less preferably than, similarly situated non-disabled employees, and subjecting her to

6

discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her disability.

38. Defendants terminated Plaintiff after Plaintiff utilized medical leave to treat her physical disability and was subsequently released to return to work without restrictions.

39. Defendants terminated Plaintiff because Plaintiff had a record of having a disability, and/or was regarded as having a disability, in violation of the IHRA.

40. Defendant's policies, practices, and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

41. Defendant would not have subjected Plaintiff to discriminatory pay, discriminatory denials of pay raises, and other differential treatment but for Plaintiff's disability.

42. As a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of disability, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**COUNT II**
**(Disability—Failure to Accommodate in Violation of the IHRA)**
**(All Defendants)**

43. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

44. Plaintiff is a qualified individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

45. Defendants were aware of Plaintiff's disability from her date of hire.

46. Plaintiff requested an accommodation from Defendants when she was hired by stating that she would need to take occasional medical leave in order to receive treatment for her disability. Defendant acknowledged this and granted Plaintiff's request.

7

47. Plaintiff was absent from her employment from November 8 through November 18, 2021, as a result of her disability. Plaintiff had sufficient leave time to compensate for her absence.

48. Defendant failed to accommodate Plaintiff's disability by failing to allow her to return to work after she had taken leave due to her disability. Moreover, Defendant failed to engage in the interactive process with Plaintiff upon her return from employment.

49. Defendants discriminatory conduct was intentional, and occurred with malice or reckless indifference to the Plaintiff's rights under federal and Illinois law.

50. Plaintiff was damaged by Defendant's unlawful actions in that she lost wages and benefits, and also experienced emotional distress after the employer treated her differently and adversely because of her disability, and because the employer disregarded her rights and protections under the IHRA.

### COUNT III
### (Gender Discrimination in Violation of the IHRA)
### (All Defendants)

51. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

52. Plaintiff was a member of a protected class, as she is female.

53. Plaintiff was advised when she was hired in May of 2021 that she would a) be promoted from Sergeant to Deputy Chief; b) would receive a pay raise from $20.50 an hour to $21.00 an hour; c) would not be subject to probationary status as a full-time employee due to her prior part-time work for the Department; d) would be capable of choosing her own hours.

54. Defendant did not provide Plaintiff with a raise in October, 2021 as was promised. However, two male individuals working for the Police Department were provided raises in October of 2021. Moreover, Defendant failed to promote Plaintiff to Chief Deputy, failed to allow her to set her own hours, and incorrectly kept Plaintiff in probationary status due to her gender.

55. Plaintiff was terminated from her employment with Defendant on December 13, 2021.

8

56. Defendant's policies, practices, and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

57. Plaintiff was not paid compensation equal to that paid to male employees of equal skill, effort, and responsibility.

58. Defendants would not have subjected Plaintiff to discriminatory pay, discriminatory denials of pay raises, and other differential treatment but for Plaintiff's gender.

59. Defendants has discriminated against Plaintiff by treating her differently from, and less preferably than, similarly situated male employees, and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of gender.

60. Defendants would not have terminated Plaintiff from her employment but for her gender.

61. As a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of sex, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT IV
### (Retaliation Due to Disability in Violation of the IHRA)

62. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

63. Plaintiff is an individual with a disability within the meaning of Section 1-103(I) of the Human Rights Act.

64. At all times Plaintiff performed her job in a satisfactory or above-satisfactory manner.

65. Defendant was aware of Plaintiff's disability from her date of hire.

66. Plaintiff was advised when she was hired in May of 2021 that she would a) be promoted from Sergeant to Deputy Chief; b) would receive a pay raise from $20.50 an hour to $21.00 an hour; c)

9

would not be subject to probationary status as a full-time employee due to her prior part-time work for the Department; d) would be capable of choosing her own hours.

67. Defendant did not provide Plaintiff with a raise in October as promised. Moreover, Defendant failed to promote Plaintiff to Chief Deputy, failed to allow her to set her own hours, and incorrectly kept Plaintiff in probationary status due to her disability.

68. Plaintiff objected to Defendant's discriminatory treatment and engaged in a protected activity in the Fall of 2021, by attempting to address her pay disparity and other adverse employments actions listed above.

69. Defendant retaliated against the Plaintiff by, among other things, by terminating her employment on December 13, 2021.

70. A causal connection exists between the Plaintiff's protected activity and her termination on December 13, 2021.

71. Plaintiff was damaged by Defendant's unlawful actions in that she lost wages and benefits, and also experienced emotional distress after the employer treated her differently and adversely because of her disability, and because the employer disregarded her rights and protections under the IHRA.

## COUNT V
### (Retaliation Due to Gender in Violation of the IHRA)

72. Plaintiff repeats and re-alleges the previous paragraphs in this Complaint as if fully set forth herein.

73. At all times Plaintiff performed her job in a satisfactory or above-satisfactory manner.

74. Plaintiff was advised when she was hired in May of 2021 that she would a) be promoted from Sergeant to Deputy Chief; b) would receive a pay raise from $20.50 an hour to $21.00 an hour; c) would not be subject to probationary status as a full-time employee due to her prior part-time work for the Department; d) would be capable of choosing her own hours.

10

75. Defendant did not provide Plaintiff with a raise in October as promised. Moreover, Defendant failed to promote Plaintiff to Chief Deputy, failed to allow her to set her own hours, and incorrectly kept Plaintiff in probationary status due to her gender.

76. Plaintiff objected to Defendant's discriminatory treatment and engaged in a protected activity in the Fall of 2021, by attempting to address her pay disparity and other adverse employments actions listed above.

77. Defendant not only failed to address Plaintiff's concerns, but retaliated against Plaintiff by terminating her on December 13, 2021.

78. Plaintiff has suffered an adverse employment action, as she was terminated from her employment on December 13, 2021.

79. A causal connection exists between the Plaintiff's protected activity and her termination on December 13, 2021.

80. Plaintiff was damaged by Defendant's unlawful actions, in that she lost wages and benefits, and also experienced emotional distress, after the employer treated her differently and adversely because of her sex, and because the employer disregarded her rights and protections under the IHRA.

## COUNT VI
**(Retaliatory Discharge—Violation of the Illinois Wage and Hour Act 820 ILCS 115/14(c))**

81. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

82. At all relevant times, there was in full force and effect a statute entitled the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. The IWPCA prohibits an employer from retaliating against an employee for complaining to the employer about unpaid wages. 820 ILCS 115/14(c).

83. Plaintiff was an employee of the Defendant within the meaning of the IWPCA.

84. Plaintiff asserted her rights under the IWPCA by reporting and protesting that she had not be paid all of her earned compensation.

11

85. Plaintiff was discharged in retaliation for violation of the IWCPA, and further for filing a cause of action under the IWPCA, wherein Plaintiff complained of conduct by the Village that she that believed to be wrongful and illegal.

86. The IWPCA provides for criminal penalties for those who willfully violate the Act, § 115/14(a)(2).

87. By discharging Plaintiff for asserting her legal rights under the IWPCA, said discharge violates a clear mandate of public policy.

88. In discharging Plaintiff for exercising her legal rights, the Village of Oakwood acted with malice and in reckless disregard of the law, and with the intent to chill Plaintiff and other employee's rights under the IWCPA.

89. As a result of the retaliatory discharge by the Village of Oakwood, Plaintiff has suffered loss of wages, loss of other employment benefits, emotional distress, and was otherwise damaged.

**COUNT VII**
**(Violation of the Illinois Whistleblower Act, 740 ILCS 174/1 et seq.)**

90. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

91. As set forth in the preceding paragraphs, Plaintiff engaged in activities for which government employees are protected from retaliation by the Whistleblower Act, 740 ILCS 174/1 et seq.

92. By engaging in the adverse conduct described in the preceding paragraphs, Defendants engaged in a pattern of retaliation against Plaintiff in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 et seq.

93. Said Defendants' unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, and embarrassment. Plaintiff will continue to suffer these damages in the future.

94. Defendants' unlawful conduct was intentional and undertaken with malice and reckless

indifference to Plaintiff's rights under the Whistleblower Act, and Plaintiff therefore seeks awards of punitive damages against these defendants in order to deter them and others similarly situated individuals from such wrongful conduct in the future.

### COUNT VIII
### (Tortious Interference with Advantageous Business Relations—Mayor Heather McCarty)

95. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

96. Plaintiff had a legitimate expectation of future economic advantage necessary for the tort of interference.

97. Mayor Heather McCarty interfered with and defeated the Plaintiff's legitimate expectancy of continued employment by terminating Plaintiff without cause and in retaliation as detailed *infra*.

98. That as a result thereof, Plaintiff has suffered loss of employment, loss of wages, loss of employment benefits, loss of job opportunities, emotional distress, and was otherwise damaged.

### COUNT IX
### (Violation of the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.*)

99. Plaintiff repeats and re-alleges all of previous paragraphs in this Complaint as if fully set forth herein.

100. As a result of her sex, Plaintiff is protected from sex discrimination pursuant to the Equal Pay Act, which is part of the Fair Labor Standards Act of 1938, as amended, and which prohibits sex-based wage discrimination between men and women in the same establishment who perform jobs that require substantially equal skill, effort, and responsibility under similar working conditions.

101. Specifically, 29 U.S.C. § 206(d) prohibits sex discrimination as follows:

> "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."

102. Defendants have discriminated against Plaintiff by treating her differently from, and less preferably than, similarly situated male employees, and subjecting her to discriminatory pay based on her sex.

103. Defendant's policies, practices, and/or procedures have had a disparate impact on Plaintiff with respect to the terms and conditions of her employment.

104. Defendant violated federal law by permitting a work environment to exist that was discriminatory to Plaintiff and other female employees, and by constructively discharging Plaintiff.

105. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based upon gender, in violation of the EPA, and this conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the EPA, a three-year statute of limitations applies to such violations.

106. At all times material hereto, Defendant engaged in willful discriminatory practice or practices to the federally protected rights of Plaintiff so as to support an award of liquidated damages and attorneys' fees pursuant to 29 U.S.C. § 216(b).

107. As a direct and proximate result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer pecuniary loss, including lost earnings, and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Misti Smitley, prays this Honorable Court grant the following relief:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this Complaint;

B. Order that Plaintiff be reinstated to her previous employment position;

NOT AN OFFICIAL COPY

C. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate her, and grant Plaintiff a judgment against Defendant for punitive damages;

D. Assess against Defendant and in favor of Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by it;

E. Award Plaintiff damages for pain and suffering;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H. Such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker
Langacker Law, Ltd.
210 N. Broadway
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com

15

NOT AN OFFICIAL COPY

## VERIFICATION

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matter, the undersigned certifies as aforesaid that I verily believe the same to be true.

Dated: April 30, 2022.

Misti Smitley

NOT AN OFFICIAL COPY

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, ILLINOIS

| | |
|---|---|
| MISTI SMITLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| VILLAGE OF OAKWOOD, a Municipal Corporation in Vermilion County, Illinois; DOIT ROBERTS; FERRELL STROUGH; ROBERT WRIGHT; LINDSAY LIGHT; CATHI FRITZ; ROBERT PARR; CHIEF OF POLICE RONALD SODERSTROM; VILLAGE CLERK JULIE LEVERENZ; and MAYOR HEATHER MCARTY, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendant(s). | ) JURY TRIAL DEMANDED |

**Affidavit Pursuant to Illinois Supreme Court Rule 222(B)**

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths Dollars ($50,000). FURTHER AFFIANT SAYETH NOT.

_____
Ronald S. Langacker

Subscribed and sworn to before me
on May 5, 2022.

_____
Notary Public

JESSICA WISE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
August 05, 2024

17

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

# 22M0207.13

**AGENCY**
☑ IDHR
☑ EEOC

**CHARGE NUMBER:** 2022SE0800

**Illinois Department of Human Rights and EEOC**

| Field | Value |
|---|---|
| NAME OF COMPLAINANT | MS. MISTI SMITLEY |
| TELEPHONE NUMBER | (217) 607-6610 |
| STREET ADDRESS | 16017 E. ATTICA RD. |
| CITY, STATE AND ZIP CODE | ROSSVILLE, ILLINOIS 60963 |
| DATE OF BIRTH | 10 / 12 / 1988 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| Field | Value |
|---|---|
| NAME OF RESPONDENT | VILLAGE OF OAKWOOD |
| NUMBER OF EMPLOYEES, MEMBERS | 15+ |
| TELEPHONE | (217) 354-4255 |
| STREET ADDRESS | 2901 BOARDWALK DRIVE, SUITE G |
| CITY, STATE AND ZIP CODE | CHAMPAIGN, ILLINOIS 61822 |
| COUNTY | CHAMPAIGN |

**CAUSE OF DISCRIMINATION BASED ON:** DISABILITY, RETALIATION, GENDER

**DATE OF DISCRIMINATION** EARLIEST (ADEA/EPA) LATEST (ALL): DECEMBER 13, 2021
☐ CONTINUING ACTION

**THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:**

SEE ATTACHED.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
Feb 7, 2022
RECEIVED
BY: _____

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 5th DAY OF February, 2022.

*Jessica Wise*
NOTARY SIGNATURE

**NOTARY STAMP:** JESSICA WISE OFFICIAL SEAL, Notary Public - State of Illinois, My Commission Expires August 05, 2024

X *Misti Smitley* 2/5/22
SIGNATURE OF COMPLAINANT / DATE

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. /09-INT)

**Exhibit A**

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
MISTI SMITLEY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　COMPLAINANT,　　)　CHARGE NO:　　2022SF0800
　　　　　　　　　　　　　　　　　　)　EEOC NO:　　　21BA20312
AND　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
VILLAGE OF OAKWOOD,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　RESPONDENT.　　　)

**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE**

For Complainant

Ronald S. Langacker
Langacker Law
210 N. Broadway Ave.
Urbana, IL 61801

For Respondent

Chief Executive Officer
Village of Oakwood
2901 Boardwalk Drive
Suite G
Champaign, IL 61822

Date Perfected Charge Filed: Feb 7, 2022　　　　Date Opt Out Request Filed: Feb 16, 2022

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON February 28, 2022

DEPARTMENT OF HUMAN RIGHTS

**Exhibit B**

BY: _____
Brent A. Harzman, Director
Charge Processing Division

Notice of Opt Out, Right & Order Adm.
Closure D/P 01/01/2020