IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MISTI SMITLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VILLAGE OF OAKWOOD, a Municipal Corporation in Vermilion County, Illinois; CHIEF OF POLICE RONALD SODERSTROM; AND MAYOR HEATHER MCARTY, | ) Case No:   2:22-cv-2137 |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED EXCERPTS FROM MOTION FOR SUMMARY JUDGMENT**

Defendants Village of Oakwood, Chief of Police Ronald Soderstrom, and Mayor Heather McArty (collectively "Defendants"), by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 5.10, and move this Court for an order allowing them to file certain unredacted excerpts from their Motion for Summary Judgment under seal, and in support thereof states as follows:

1. On May 6, 2022, Plaintiff filed an eight-count Complaint in Vermillion County, Illinois alleging: (1) disability discrimination in violation of the IHRA; (2) disability discrimination – failure to accommodate in violation of the IHRA; (3) gender discrimination in violation of the IHRA; (4) Retaliation due to disability in violation of IHRA; (5) retaliation due to gender in violation of IHRA; (6) retaliatory discharge in violation of the Illinois Wage and Hour Act 820 ILCS 116/14; (7) violation of the Illinois Whistleblower Act; and (8) tortious interference with advantageous business relations (Defendant Heather McArty only).

2.  This matter was removed to the Central District of Illinois on June 23, 2022. (ECF 2).

3.  On February 27, 2023, the Court entered into a Protective Order (ECF 27)

4.  Subsequently, on April 6, 2023, this Court entered into a HIPAA Qualified Protective Order. (ECF 31).

5.  Defendants have prepared a motion for summary judgment on all eight claims brought by Plaintiff. This motion

6.  Defendants request leave to file under seal certain unredacted excerpts from their Motion for Summary Judgment because these items reference Plaintiff's protected healthcare information. Furthermore, this information has been designated as "confidential information" pursuant to the Stipulated Protective Order and Confidentiality Agreement entered February 27, 2023 (ECF 27).

7.  Filing the contents of the below-listed excerpts as part of the public record may disclose information designated as confidential information to the public, in violation of both the Confidentiality order and/or the HIPAA Qualified Protective Order.

***The following are relevant unredacted excerpts from Defendants Undisputed Material Facts (Defendant's Motion p. 11-18):***

42.  On January 20, 2021, Mrs. Smitley presented to establish care with Dr. Haydee Jabines-Stewart ("Dr. Stewart") at the Christie Clinic. At that time, Mrs. Smitley had experienced weight loss for over a year, feeling of exhaustion, and could barely stand. Mrs. Smitley was seeking a second opinion from a specialist at the Cleveland Clinic [Exhibit P Deposition of Dr. Stewart at 20: 19-24 and at 21:1-8]

43.  On March 22, 2021, Mrs. Smitley was re-evaluated by her primary care physician, Dr. Stewart and her symptoms had not improved. Mrs. Smitley advised that she had an upcoming

appointment with a sarcoidosis specialist.  She states that she has a debilitating fatigue and can barely function throughout the day.  [Exhibit P, Deposition of Dr. Stewart at 22:17-22].

      44. On April 15, 2021, she was seen at the Christie Clinic where is was noted that she was also being treated by Rheumatology, pulmonology, dermatology, and neurology.  She was experiencing a variety of symptoms including numbness and coldness in her feet, significant neck pain, burning and shooting pain to the right side, and stiffness in the neck.  [Exhibit M, Christie Clinic Medical Records CHRISTIE CLINIC 000534-000540]

      45. Mrs. Smitley was first evaluated by the sarcoidosis team at the Cleveland Clinic on April 29, 2021.  The Cleveland Clinic was not covered by Mrs. Smitley's insurance at her prior job in Westville.  However, the Cleveland Clinic was in-network and was covered under the insurance policy at Oakwood. [Exhibit L, Deposition of Dr. Bravo at 21:20-24 and at 22:1-15]

      46. At the April 29, 2021 visit with Dr. Debasis Sahoo from the Cleveland Clinic, Mrs. Smitley described her current condition including exertional shortness of breath, chest tightness, blurriness of vision, speech and cognition issues, decreased short term memory, joint pain, loss of weight, and heaviness in her legs. [Exhibit N Cleveland Clinic Records, CLEVELAND CLINIC 414-417]

      47. On May 27, 2021, the day immediately prior to her interview with the Mayor and Chief Soderstrom for the SRO position, Mrs. Smitley presented for an appointment with Dr. Stewart at the Christie Clinic. Her symptoms were continuing to worsen at this time.  She reported to Dr. Stewart that she was experiencing tender lymph nodes on her neck, and a hoarse voice [Exhibit P Deposition of Dr. Stewart at 23:13-17].

      50. On July 28, 2021, just several days after starting her full-time position as the SRO in Oakwood, Mrs. Smitley presented for an initial examination with Dr. Lulette Tricia Bravo ("Dr.

Bravo"), at the Cleveland Clinic.  Her symptoms at this appointment included brain fog/cognitive issues, peripheral neuropathy, fatigue, blurring of vision, cough and shortness of breath, and rash. [Exhibit N, Cleveland Clinic Records, CLEVELAND CLINIC 320-326] .  Ms. Smitley incorrectly advised Dr. Bravo at the July 28, 2021 appointment that she had been taken off patrol due to her weakness and pain.  So, now she does more education with kids. [Exhibit N, Cleveland Clinic Records, CLEVELAND CLINIC 320-326]

51. By September 15, 2021, Mrs. Smitely was following up with pain management. She had been using a TENS Unit and was continuing to take Hydrocodone for pain relief. [Exhibit M, Cleveland Clinic Records, CHRISTIE CLINIC000227-243]

52. Mrs. Smitley's last regulary scheduled work day was on October 28, 2021 [Exhibit O Time cards].  As of November 1, 2021, Ms. Smitley had 45.75 hours of compensatory time and 4 accrued sick days. (Exhibit Q 11.30 memo memorandum and Exhibit O Time cards]. Dr. Bravo, from the Cleveland Clinic testified that by this point, her medical condition had worsened and Mrs. Smitley was having severe symptoms.  [Exhibit L, Deposition of Dr. Bravo at 36:5-9.  In November 2021, Mrs. Smitley was experiencing blurred vision, black spots, dizzy spells, worsening neck pain, inability to move her neck, and sudden tingling in her hands.   [Exhibit L, Deposition of Dr. Bravo at 35:1-24, at 36:1-9: and Exhibit P Deposition of Dr. Stewart at 24:19-23]

54. Mrs. Smitley was seen by Dr. Stewart on November 3, 2021 due to the urgent nature of her symptoms.  At this time, Mrs. Smitley was complaining of issues with vision and that she could barely see.  She was experiencing black spots and was not able to drive.  [Exhibit P, Deposition of Dr. Stewart AT 25:4-11).

56. On November 7, 2021, Mrs. Smitley provided an off-work note from Dr. Haydee Jabines-Stewart at the Chrstie Clinic dated November 3, 2021 stating that she is excused from work November 1, 2021 through November 7, 2021. She may return to work on Monday, November 8, 2021. [Exhibit S Note].

58. From November 9, 2021 through November 12, 2021, Mrs. Smitley was admitted as an in-patient to the Cleveland Clinic for a work-up for sarcoidosis. (medical). She was experiencing severe symptoms with blurred vision, speech issues (stutter), neck pain, sudden onset of loss of vision, numbness and tingling in hands, and pain [Exhibit N Cleveland Clinic, CLEVELAND CLINIC 202-285]

60. On or about November 12, 2021, Chief Soderstrom engaged in a text coversation with Mrs. Smitley. She advised that her sarcoidosis flared up and she had a lumbar puncture to release pressure off the brain. Chief Soderstrom advised that he would need a letter from her doctor clearing her for unrestricted duty due to the the circumstances. (Exhibit T, Text Messages #2).

62. On November 15, 2021, after being released from the Cleveland Clinic, Mrs. Smitley followed up with her primary care provider, Dr. Stewart at the Christie Clinic. According to the deposition of Dr. Stewart, Mrs. Smitely was still debilitated at this time. She was still very sick and could barely function. Mrs. Smitley was stuttering, had slurred speech, and neck pain. She could not move her left lower leg and was experiencing intermittent elecrtic shock pain. (Exhibit P, Deposition Transcript of Dr. Stewart at 27:16-24 at 28:1-23 and at 49:20-22]

63. On November 17, 2021, Mrs. Smitley posted on Facebook that she was admitted to the Cleveland Clinic. She started to stutter, had blurry vision, lost feeling in her left leg, left arm,

and left side of her face.  [Exhibit J, Deposition Deposition of Misti Smitley at 115:13-20 and Exhibit 1 to Deposition of Misti Smitley]

76.    Dr. Stewart testified that at the November 15, 2021 appointment, Mrs. Smitley was actively being treated by several specialists and she was still sick. [Exhibit P, Deposition Transcript of Dr. Stewart at 35:1-4] She had vision loss, left-sided sensory deficit, left-sided weakness, vision disturbances, electric shock, and inability to walk.  With all of those symptoms present, Mrs. Smitley could barely function let alone return to any form of employment, especially that of a police officer. [Exhibit P, Deposition Transcript of Dr. Stewart at 35:6-12 at 49:20-22 and at 50: 4-8]

77.    The last time Dr. Bravo saw Mrs. Smitley was in November 2021 at the Cleveland Clinic.  She was not asked to provide a return to work note or address restrictions.  However, it is her opinion, based on the symptoms at that time that Mrs. Smitley would not be ready to return to work as a police officer. [Exhibit, L Deposition of Dr. Bravo at 62:9-24 and at 63:1-6].  Dr. Bravo opined that Mrs. Smitley's position as a police officer would involve not only physical but also potential neurological concerns.  [Exhibit, L Deposition of Dr. Bravo at 65:16-24 and at 66:1-10].

*The following are relevant unredacted excerpts from Defendants Argument section (Defendant's Motion p. 24-25):*

From November 9 through November 12, 2021, Mrs. Smitley was admitted into the Cleveland Clinc because she experienced severe symptoms with blurred vision, speech issues (stutter), neck pain, sudden onset of loss of vision, numbness and tingling in hands, and pain. [Defs' SOF, ¶ 59]. On November 12, 2021, Mrs. Smitley advised Chief Soderstrom that her sarcoidosis flared up and she had a lumbar puncture to release pressure off the brain.  As a result, Chief Soderstrom advised Mrs. Smitley that she would need to submit a medical certification

clearing her for active police duty. *See Kurtzhals v. Cnty. of Dunn,* 969 F.3d 725, 731 (7th Cir. 2020) (requiring plaintiff, a police officer, to submit medical certification was proper given the nature of a police officer's essential job duties). By November 15, 2021, Mrs. Smitley's medical providers confirmed that she could barely function let alone return to any form of employment, especially that of a police officer. [Defs' SOF, ¶ 62]. Dr. Stewart testified that at the November 15, 2021 appointment, Mrs. Smitley was actively being treated by several specialists and she was still sick. [Defs' SOF, ¶ 75]. She had vision loss, left-sided sensory deficit, left-sided weakness, vision disturbances, electric shock, and inability to walk. *Id.* Mrs. Smitley was debilitated and could barely function. *Id.*

From November 19 through December 13, 2021 – tweny-four (24) days – the Village waited for Mrs. Smitley to submit her medical provider's certification confirming that she could perform the essential functions of her job, even with an accomodation. [Defs' SOF, ¶ 78]. Of course, no such certification came, and in fact, Mrs. Smitley did not communicate with the Village at all during these twenty-four days. [Defs' SOF, ¶ 78]. This comes as no surprise, because Mrs. Smitley continued to seek treatment and could not perform the essential functions of her job as confirmed by Dr. Bravo during Mrs. Smitley's December 29, 2021 medical appointment. [Defs' SOF, ¶ 82].

8.    Defendants have made a reasonable and good faith effort to limit the material it seeks to file under seal, to the extent practicable.

WHEREFORE, for the reasons stated above, Defendants the Village of Oakwood, Chief of Police Ronald Soderstrom, and Mayor Heather McArty respectfully request the Court enter an order granting them leave to file under seal the unredacted excerpts from their Motion from Summary Judgment as identified in paragraph 7 above.

**Dated:  March 22, 2024**

                                          Respectfully submitted,

                                          **Tressler LLP**

By: */s/ Jennifer A. Dancy*
Darcy L. Proctor
Jennifer A. Dancy
233 S. Wacker Drive, 61st Floor
Chicago, IL 60606
312-627-4000
dproctor@tresslerllp.com
jdancy@tresslerllp.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that she filed a copy of the foregoing document was filed electronically to all parties of record using the court's CM/ECF system, on this 22st day of March 2024:

        Ronald S. Langacker
        Langacker Law, Ltd.
        210 N. Broadway
        Urbana, Illinois 61801
        *Attorney for Plaintiff*

                                      Respectfully submitted,

                          By:    */s/ Jennifer A. Dancy*
                                One of the attorneys for Defendant the Village of Oakwood

Darcy Proctor,
Jennifer A. Dancy
Tressler LLP
233 S. Wacker Drive, 61st Floor
Chicago, IL 60606
(312) 627-4000
dproctor@tresslerllp.com
jdancy@tresslerllp.com